IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LATROI DEVON NEWBINS, LATEESHA RICHARDS, AKA LATEESHA KAHRYN RITCHARDS, JACKSON STUART TAMOWSKI PATTON, AND CHRISTOPHER ISIDRO ROJAS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE THE UNITED STATES' [125] MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT, SET NEW TRIAL DATE AND TO ORDER UNUSUAL AND COMPLEX CASE DESIGNATION**<br><br>Case No. 2:20-cr 182-DBB<br><br>Judge David B. Barlow |

The United States (the Government) filed its Motion to Exclude Time Under the

Speedy Trial Act, Set New Trial, and to Order Unusual and Complex Case Designation (the

Motion)[1] seeking the specific forms of relief indicated in the Motion's caption. Defendants

Jackson Stuart Tamowski Patton and Lateesha Richards objected to the Government's

Motion.[2] Specifically, Mr. Patton and Ms. Richards maintain that this matter should be tried

on its currently scheduled date of October 2, 2020.

Based on the entry of the following findings, the Motion is GRANTED IN PART as

to the Government's request to set a new trial date and exclude time under the Speedy Trial

---

[1] Motion to Exclude Time Under the Speedy Trial Act, Set New Trial, and to Order Unusual and Complex Case Designation, ECF No. 125, filed August 31, 2020.

[2] Objection to Government's Motion to Exclude Time Under Speedy Trial Act, ECF No. 132, filed September 2, 2020; Objection to Government's Motion to Exclude Time Under Speedy Trial Act, ECF No. 134, filed September 3, 2020.

Act. However, the Motion is DENIED IN PART WITHOUT PREJUDICE as to the Government's request for a court order designating this case as unusual and complex. Designating this case as unusual and complex is unnecessary at this time as a continuance and the exclusion of Speedy Trial Act time is required by the factual findings set forth below.

## FINDINGS OF FACT

On March 13, 2020, a National Emergency was declared in response to the nationwide outbreak, which the World Health Organization has declared a global pandemic. The numbers of confirmed COVID-19 cases and deaths within the United States continue to be very high. Presently, the United States has more COVID-19 cases than any other country.

The Centers for Disease Control and Prevention (CDC) has issued guidance to combat the spread of COVID-19 and to promote the health and well-being of the nation. This guidance includes recommendations that all Americans avoid close contact with others (*i.e.*, being within six feet), among other things. Despite this guidance, the CDC continues to report many thousands of new COVID-19 cases in the United States each day. And available evidence suggests there is difficulty in accurately tracking the spread of COVID-19 because many cases go undetected due to varying degrees of symptoms and a lack of available testing.

In Utah, Governor Gary Herbert recently declared a new state of emergency on August 20, 2020. While restrictions have been both imposed and relaxed, new daily cases of COVID-19 in Utah continue to occur at a concerning rate[3]. COVID-19 continues to be a risk

---

[3] In fact, the last week has brought one of the highest average number of new COVID-19 infections recorded—with today's number of new infections setting a new daily record. https://coronavirus.utah.gov/case-counts/

to the public, particularly when engaged in group activities in small spaces. Persons who are older, immunocompromised or who suffer from certain medical conditions—many of which are common—are particularly at risk.

Additionally, the Court has issued several General Court Orders in response to the outbreak of COVID-19 in the District of Utah.

- General Order 20-008 placed restrictions on visitors to the District's courthouse effective March 12, 2020, until further order.

- General Order 20-009 postponed most civil and criminal proceedings, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act[4] for all criminal cases in the District from March 16, 2020, through May 1, 2020.

- General Order 20-010 modified court operations for some criminal proceedings and offender supervision effective March 23, 2020, until further order.

- General Order 20-011 expanded video and teleconferencing capabilities for many criminal proceedings under the Coronavirus Aid, Relief, and Economic Security Act effective March 31, 2020, and continuing for 90 days.

- General Order 20-012 extended the postponement of most civil and criminal proceedings to June 15, 2020 and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act[5] for all criminal cases through June 15, 2020.

- General Order 20-017 extended the postponement of most civil and criminal proceedings to August 1, 2020 and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act[6] for all criminal cases through August 1, 2020.

- General Order 20-020 renewed findings made in General Order 20-011 and extended for up to 90 additional days – through October 8, 2020 – the authorizations made under the CARES Act for expanded video and teleconferencing capabilities in many criminal cases.

---

[4] 18 U.S.C. § 3161(h)(7)(A).

[5] *Id.*

[6] *Id.*

- [General Order 20-021](#) generally continued the status quo throughout the Court and extended relevant deadlines through September 1, 2020. It also describes the Court's four phase reopening plan and the gating criteria.

- [General Order 20-026](#) provided for resumed in-person proceedings at the discretion of individual judges in critical cases, but extended the postponement of civil and criminal jury trials to October 1, 2020. It also included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act for all criminal cases through October 1, 2020.

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[7] However, based on the ongoing nature of the COVID-19 outbreak in the District, the effect of national and local public health recommendations and directives, and the findings and conclusions in General Orders 20-009 through 20-012, 20-017, 20-020, 20-021, and 20-026, it is necessary and appropriate to continue trial in this case and exclude time under the Speedy Trial Act. The high number of COVID-19 cases and deaths nationally, and in Utah, demand modifications in court practices to protect the public health. Courts and court operations are necessarily social operations, involving many people.

The need to protect the health of the public during a deadly pandemic outweighs the rights of the Defendants and the public to a speedy trial. Moreover, there is a significantly reduced ability to obtain an adequate spectrum of jurors and available counsel, witnesses, and court personnel to be present in the courtroom for trial. Empaneling a jury, conducting a trial, and arranging jury deliberations, with due regard for health and safety, considering the broad spectrum of participants and their contacts outside the court, is not currently possible

---

[7] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

in the physical facilities available to the court, particularly only one day after the current exclusion period of General Order 20-026 expires.

Long exposure in confined spaces, which is inherent in trial, increases risk of infection. Video and audio conferencing, used for hearings, are not available for trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to confer with the respective Defendants, under these circumstances is also greatly reduced.

A failure to continue trial under these circumstances would result in a miscarriage of justice[8] and would deny counsel for the government and Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[9] Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and the Defendants in a speedy trial.[10] This continuance is not predicated on general congestion of the court's calendar or lack of diligent preparation by counsel.[11]

## ORDER

IT IS HEREBY ORDERED the Motion[12] is GRANTED IN PART as to the request for a new trial date and the exclusion of time under the Speedy Trial Act. IT IS ORDERED that the 6-day jury trial previously scheduled to begin on October 2, 2020 is continued to November 13, 2020 at 9:00 a.m.  Accordingly, the time from the entry of General Order 20-009, March 16,

---

[8] 18 U.S.C. § 3161(h)(7)(B)(i).

[9] *Id*. § 3161(h)(7)(B)(iv).

[10] *Id*. § 3161(h)(7)(A).

[11] *Id*. § 3161(h)(7)(C).

[12] Motion to Exclude Time Under the Speedy Trial Act, Set New Trial, and to Order Unusual and Complex Case Designation, ECF No. 125, filed August 31, 2020.

2020, and the new trial date is excluded from Defendants' speedy trial computation for good cause.

Due to this ordered continuance and exclusion, the request to designate this case as unusual and complex is unnecessary. Therefore, IT IS FURTHER ORDERED THAT the Motion[13] is DENIED IN PART WITHOUT PREJUDICE as to that request.

Signed September 17, 2020.

BY THE COURT:

David B. Barlow
United States District Court Judge

---

[13] *Id.*