IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LATEESHA RICHARDS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [150] MOTION TO QUASH SEARCH WARRANT WITHOUT PREJUDICE**<br><br>Case No. 2:20-cr-182-DBB<br><br>District Judge David Barlow |

Defendant Lateesha Richards moves to quash the search warrant (the Motion)[1] to which her counsel has been alerted, but which has not yet been executed. Federal Rules of Criminal Procedure 41(h) provides that defendants may move to suppress evidence illegally seized from them. The items referenced in Ms. Richards' motion have not yet been seized.

"The United States Constitution protects the rights of persons subject to search warrants by imposing 'ex ante, the deliberate, impartial judgment of a judicial officer . . . between the citizen and the police . . . and by providing, ex post, a right to suppress evidence improperly obtained and a cause of action for damages.'"[2] In this case, Ms. Richards has had the benefit of having a magistrate judge review and approve the United States' search warrant ex ante. Later, if evidence is improperly obtained from her, she then may seek, ex post, suppression of that evidence.

---

[1] Motion to Quash Search Warrant, ECF No. 150, filed September 29, 2020.

[2] *United States v. Info. Associated with Email Account (Warrant)*, 449 F. Supp. 3d 469, 474 (E.D. Pa. 2020) (*quoting United States v. Grubbs*, 547 U.S. 90, 99 (2006)).

Ms. Richards' attempt to quash the subpoena is premature. Courts generally review challenges to search warrants either in a motion to suppress during a criminal case or in an after-the-fact civil rights lawsuit, not in a pre-execution motion to quash.[3] As the Sixth Circuit has noted:

> Concerns about the premature resolution of legal disputes have particular resonance in the context of Fourth Amendment disputes. In determining the "reasonableness" of searches under the Fourth Amendment and the legitimacy of citizens' expectations of privacy, courts typically look at the "totality of the circumstances" . . . reaching case-by-case determinations that turn on the concrete, not the general, and offering incremental, not sweeping, pronouncements of law. On review, the court looks at the claim in the context of an actual, not a hypothetical, search and in the context of a developed factual record of the reasons for and the nature of the search. A pre-enforcement challenge to future e-mail searches, by contrast, provides no such factual context. The Fourth Amendment is designed to account for an unpredictable and limitless range of factual circumstances, and accordingly it generally should be applied after those circumstances unfold, not before.[4]

Finally, Ms. Richards has not cited any authority supporting the pre-execution quashing of the search warrant against her. The two binding cases that Ms. Richards cites in her Motion are not relevant. The *Riley* case[5] addressed warrantless searches. This case involves a warrant. The *Rahn* case[6] addressed staleness, upholding a warrant to seize evidence even though the observations supporting the warrant were more than 18 months old. Neither of the cases supports Ms. Richards' pre-execution motion to quash. The Motion is therefore denied without prejudice.

---

[3] *See Warshak v. United States*, 532 F.3d 521, 528 (6th Cir. 2008).

[4] *Id.* (internal citations and quotation omitted).

[5] *Riley v. California*, 134 S. Ct. 2473, 2495 (2014).

[6] *U.S. v. Rahn*, 511 F.2d 290 (10th Cir. 1975).

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion to Quash Search Warrant[7] is DENIED WITHOUT PREJUDICE.

Signed October 5, 2020.

BY THE COURT

_____
David Barlow
United States District Judge

---

[7] Motion to Quash Search Warrant, ECF No. 150, filed September 29, 2020.