JOHN W. HUBER, United States Attorney (#7226)
J. DREW YEATES, Assistant United States Attorney (#9811)
MICHAEL J. THORPE, Assistant United States Attorney (#11992)
BRYAN N. REEVES, Assistant United States Attorney (#DC 994799)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: 2:20-cr-00182-DBB |
| Plaintiff, | MOTION FOR SUPPLEMENTAL ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| vs. | |
| LATROI DEVON NEWBINS, LATEESHA RICHARDS, JACKSON STUART TAMOWSKI PATTON, CHRISTOPHER ISIDRO ROJAS, and LARRY RAYNOLD WILLIAMS, JR., | Judge David Barlow |
| Defendants. | |

The United States of America, by and through the undersigned Assistant United States Attorney, moves this court for a supplemental order that excludes time from the Speedy Trial Act calculation. More specifically, the United States seeks to supplement the Court's October 30, 2020 order excluding time. See Doc. 166.

## BACKGROUND

This case was set for trial on November 13, 2020. The Court continued the trial, *sua sponte*, to February 26, 2021, based upon the General Order No. 20-030.

On March 16, 2020, the court entered a General Order suspending jury selection and jury trials scheduled to begin before May 1, 2020. D. Ut. General Order No. 20-009, In the Matter of Court

Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.  On March 13, the court entered another General Order imposing health and travel-related limitations on access to court facilities.  D. Ut. General Order No. 20-008, In the Matter of Restrictions on Courthouse Entry during the Coronavirus (COVID-19) Pandemic.

The March 2020 orders were "[c]onsistent with the Center for Disease Control and Prevention (CDC) Interim Guidance for Businesses and Employers and the Utah Department of Health recommended strategies[.]"  D. Ut. General Order No. 20-008 at 1.  The court further explained that "President Trump on March 13, 2020 declared a National Emergency in response to the nationwide outbreak, which the World Health Organization has declared a global pandemic."  D. Ut. General Order No. 20-009 at 1.  Additionally, "Governor Herbert has declared a state of emergency in Utah, prompting the Utah Supreme Court to implement the Utah State Courts Pandemic Response Plan at level 'Red.'"  *Id.*

On April 28, 2020, the court entered another COVID-19-related order.  D. Ut. General Order No. 20-012.  The court explained that it was monitoring the state of the health crisis in Utah and the United States.  *Id.* at 2.  The president's March 13, 2020, National Emergency declaration remains in effect and Utah remains in a state of emergency under Governor Herbert's declaration.  *Id.*  In addition, the World Health Organization has advised that the global pandemic is not subsiding.  *Id.*  Moreover, "the Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and will materially affect the functioning of the federal courts."  *Id.*

The court explained:

The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of disease, and to promote the health and well-being of the nation.  The Court is closely monitoring the CDC's developing guidance as well as various directives from all branches and levels of government.  Among other things, the CDC recommends that all Americans avoid close contact with others (*i.e.,* being within six feet) and wear cloth face coverings in public or when around others.  These and other measures are in response to increased concerns about the extent of asymptomatic transmission of the virus and the potential for the virus to spread through mere conversations or breathing, in addition to airborne transmission through coughing or sneezing.

> To this date, there are nationwide now over 1,027,000 confirmed cases of Americans infected with COVID-19, resulting in over 58,000 deaths. The number of new infections in the United States is increasing at a rate of approximately 30,000 new cases every day.  The State of Utah has, to date, confirmed over 4,300 infections, resulting in at least 370 hospitalizations and 45 deaths.  Worse still, the available evidence suggests difficulty tracking the real spread of COVID-19 because significant numbers of infections remain undetected due to asymptomatic carriers, varying degrees of symptoms, a lack of adequate testing, and other factors.

*Id.* at 2.

"After careful consideration of the unprecedented severity of the risks presented by this national and local emergency to the public, litigants, counsel, court employees, agencies that support the courts, and judges; and following consultation with appropriate stakeholders," the court continued all criminal trials through June 15, 2020, and excluded the time under the Speedy Trial Act.  *Id.* at 3.

The court stated:

> For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 2020-09, 2020-010, and 2020-011, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic and the Governor's Stay Safe, Stay Home directive, the period of time between May 1, 2020, through June 15, 2020, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).

> An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [*United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).]  The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time.  The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health.  Courts and court operations are necessarily social operations, involving many people.

> Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time.  The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court finds that the exclusion of time through June 15, 2020, from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.  In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties.  The

3

Court is experiencing significant restrictions on access to federal defendants during this outbreak.  Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial.  Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials.  Moreover, the health risks associated with trial are acute.  Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity.  Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not possible in the physical facilities available to the court.  Video and audio conferencing, used for hearings, are not available for trials.  Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.

*Id.* at 3-4.

The order further stated that "[j]udges are encouraged to enter speedy trial orders in the cases over which they preside."  *Id.* at 5.

The court issued another order on June 15, 2020.  D. Ut. General Order No. 20-017, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic. The order explained, among other things, that "new daily cases of COVID-19 in Utah continue at sustained, not declining, numbers" and "the State of Utah has seen in recent weeks a significant acceleration of positive cases."  *Id.* at 2.  As a result of the pandemic, the court continued criminal jury trials through August 1, 2020, pending further order of the Court.  *Id.* at 4.

The court explained:

For the reasons stated [in the order] relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 2020-09, 2020-010, 2020-011, and 2020-012, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between June 15, 2020, through August 1, 2020, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).  An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment."  [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).]  The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time.  The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.

4

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through August 1, 2020 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.  In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court is experiencing significant restrictions on access to federal defendants during this outbreak.  Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial.  Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials. Moreover, the health risks associated with trial are acute.  Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity.  Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.

*Id.* at 4-6.  The order encouraged judges to enter speedy trial orders in the cases over which they preside.  *Id.* at 6.

On July 30, 2020, the Court issued another General Order.  D. Ut. General Order No. 20-021, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.  The Court explained, among other things, that although "the number of new infections in the United States generally appears to have stabilized around roughly 60,000 new cases daily, the State of Utah experienced in July a significant acceleration of positive cases.  To date there are nearly 40,000 confirmed infections in Utah, resulting in more than 2,200 hospitalizations and more than nearly 300 deaths.  Worse still, the available evidence suggests difficulty tracking the real spread of COVID-19 because significant numbers of infections remain undetected due to asymptomatic carriers, varying degrees of symptoms, a lack of adequate testing, and other factors."  *Id.* at 3.  However, "mindful that this extended period without the availability of trials and grand jury proceedings

significantly impacts criminal defendants, civil litigants, and our community[,]" the Court explained that it remained "committed to increasing the availability of mission-critical services to the community as expeditiously as conditions permit." *Id.* To this end, the Court reiterated the same plan for a phased reopening initially set forth in its June 15, 2020 General Order. *Id.* at 3-4.

The Court excluded time under the Speedy Trial Act and explained:

For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 2020-09, 2020-010, 2020-011, 2020-012, and 2020-017, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between August 1, 2020, through September 1, 2020, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)]. The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through September 1, 2020 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public. In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court is experiencing significant restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial. Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials. Moreover, the health risks associated with trial are acute. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial.

*Id.* at 5-6.

On August 26, 2020, the Court issued another General Order.  D. Ut. General Order No. 20-

026, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19)

Pandemic.  It explained:

The Court continues to monitor closely the state of the health crisis in Utah and around the nation. President Trump's March 13, 2020 National Emergency declaration remains in effect. Governor Herbert recently declared a new state of emergency on August 20, 2020, and while restrictions have been imposed and relaxed, new daily cases of COVID-19 in Utah continue at concerning numbers.  The World Health Organization advises that the global pandemic is not subsiding.  Globally, over 23,000,000 people have been infected, and over 800,000 have died from the disease.  Finally, the Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and will materially affect the functioning of the federal courts.

*Id.* at 2.

In addition:

The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of the disease, and to promote the health and well-being of the nation.  The Court is closely monitoring the CDC's developing guidance as well as various directives from all branches and levels of government.  Among other things, the CDC recommends that all Americans avoid close contact with others (*i.e.,* being 3 within six feet) and wear cloth face coverings in public or when around others.  These and other measures are in response to increased concerns about the extent of asymptomatic transmission of the virus and the potential for the virus to spread through mere conversations or breathing, in addition to airborne transmission through coughing or sneezing.

To this date, there are nationwide now over 5,600,000 confirmed cases of Americans infected with COVID-19, resulting in over 176,000 deaths.  Utah has now confirmed nearly 50,000 cases, resulting in nearly 3,000 hospitalizations and just under 400 deaths.  Among other things, the Salt Lake County area has experienced significant outbreaks of the virus in many of its jails.  The available evidence continues to suggest difficulty tracking the real spread of COVID-19 because large numbers of infections remain undetected due to asymptomatic carriers, varying degrees of symptoms, a lack of adequate testing, and other factors.  Some scientific organizations estimate the total number of cases in the United States could be as high as ten times the number of reported cases.  Nevertheless, the daily number of reported new infections is generally trending lower both in Utah and throughout the United States.

*Id.* at 2-3.

The Court continued all criminal trials through October 1, 2020, and explained:

For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 2020-09, 2020-010, 2020-011, 2020-012, 2020-17, and 2020-21, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between September 1, 2020, through October 1, 2020, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)]. The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through October 1, 2020 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public. In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court is experiencing significant restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial. Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials. Moreover, the health risks associated with trial are acute. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a

criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id.* at 3-5.

On September 30, 2020, the Court issued another General Order keeping the District of Utah in Phase 1 of its reopening plan.  D. Ut. General Order No. 20-029, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.  The Court explained, among other things, that "Governor Herbert recently declared a new state of emergency on August 20, 2020, and while restrictions have been imposed and relaxed, new daily cases of COVID-19 in Utah have risen sharply in recent weeks."  *Id.* at 2.  Additionally, "the Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and will materially affect the functioning of the federal courts."  *Id.* at 2-3.  The Court noted that "Utah has now confirmed over 70,000 cases, resulting in nearly 4,000 hospitalizations and more than 450 deaths[,]" and "[a]mong other things, the Salt Lake County area has experienced significant outbreaks of the virus in many of its jails."  *Id.* at 3.  Further, "[t]he available evidence continues to suggest difficulty tracking the real spread of COVID-19 because large numbers of infections remain undetected due to asymptomatic carriers, varying degrees of symptoms, a lack of adequate testing, and other factors."  *Id.*  The court concluded, "After careful consideration of publicly available data; following consultation with appropriate stakeholders; and consistent with the Court's phased reopening plan and the procedures outlined in General Orders 20-17 and 20-26 – the Court will remain in Phase I of its phased reopening plan[.]"  *Id.*

The Court continued all criminal trials through November 2, 2020, and explained:

2. **Speedy Trial Act:** For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 2020-09, 2020-010, 2020-011, 2020-012, 2020-17, 2020-21, and 2020-26, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between October 1, 2020, through November 2, 2020, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the

District, pursuant to 18 U.S.C. § 3161(h)(7)(A).  An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment."  [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)].  The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time.  The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health.  Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time.  The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court finds that the exclusion of time through November 2, 2020 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.  In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties.  The Court is experiencing significant restrictions on access to federal defendants during this outbreak.  Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial.  Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials.  Moreover, the health risks associated with trial are acute.  Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity.  Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court.  Video and audio conferencing, used for hearings, are not available for trials.  Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial.  Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

3. **Trial-Related Deadlines:** All trial-related deadlines in criminal cases (including, but not limited to, deadlines concerning motion cutoff dates, proposed jury instructions, proposed voir dire, proposed verdict forms, plea cutoffs, etc.) scheduled to begin trial before November 2, 2020 are **CONTINUED**, subject to case-specific orders entered by the judge presiding in individual cases.

*Id.* at 4-6.

On October 29, 2020, the Court issued a further General Order keeping the District of Utah in Phase 1 of its reopening plan.  D. Ut. General Order No. 20-030.  The Court explained that "[i]n light of unprecedented levels of COVID-19 transmission in the State of Utah, the Governor has transitioned the State from phased stages of reopening to a new COVID-19 Transmission Index.  Notwithstanding increasing restrictions throughout much of the State, new daily cases of COVID-19 in Utah have surged to unprecedented levels in recent weeks."  *Id.* at 3.  The Court explained that "[t]he World Health Organization advises that the global pandemic is accelerating" and "Utah has now confirmed over 105,000 cases, resulting in over 5,000 hospitalizations and nearly 600 deaths."  *Id.*  The Court again noted that "the Salt Lake County area has experienced significant outbreaks of the virus in many of its jails" and that "[t]he available evidence continues to suggest difficulty tracking the real spread of COVID-19 because large numbers of infections remain undetected due to asymptomatic carriers, varying degrees of symptoms, a lack of adequate testing, and other factors."  *Id.*

The Court continued all criminal trials through February 1, 2021, and explained:

2.  **Speedy Trial Act:** For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 2020-09, 2020-010, 2020-011, 2020-012, 2020-17, 2020-21, 2020-26, and 2020-029, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between November 2, 2020, through February 1, 2021, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).  An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment."  [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)].  The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time.  The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health.  Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time.  The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court finds that the exclusion of time through February 1,

11

2021, from the respective speedy trial periods is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public. In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court is experiencing significant restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial. Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials. Moreover, the health risks associated with trial are acute. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, which are used for hearings, are not available for trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses and defense counsel's ability to effectively confer with defendants, is also greatly diminished under these circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

3. **Trial-Related Deadlines:** All trial-related deadlines in criminal cases (including, but not limited to, deadlines concerning motion cutoff dates, proposed jury instructions, proposed voir dire, proposed verdict forms, plea cutoffs, etc.) scheduled to begin trial before February 1, 2021 are **CONTINUED**, subject to case-specific orders entered by the judge presiding in individual cases.

*Id.* at 4-6.

# DISCUSSION

Here, the time between November 13, 2020, and the new trial date should be excluded from the Speedy Trial Act for the reasons set forth in Order 20-030, as well as for the additional reasons set forth below.

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. 18 U.S.C. § 3161(h). Some periods of time are

automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).

The time between November 13, 2020, and the new trial date should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A).

General Order No. 20-030, set forth above, explained the difficulties associated with conducting a trial during the COVID-19 pandemic, and the United States requests that the court now make the necessary individualized findings in this case.  The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, § 3161(h)(7)(A), "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure generally cannot be harmless.  *Id.* at 509.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

As General Order No. 20-030 reflects, the ends of justice amply justify excludable time here. Pandemic, like natural disaster or other emergency, grants a court the discretion to order an ends-of-justice continuance.  *See Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (volcanic eruption).  Here, failure to continue this case will likely make its completion impossible due to public-health risks and concerns.  In addition to concerns for prospective jurors' health and the ability of the

Court to obtain—and maintain—an adequate number of jurors, an ends-of-justice delay is particularly apt because:

- The trial involves many lawyers and witnesses, some of which may have high-risk factors due to age, obesity, or other medical conditions.
- This trial involves witnesses who must travel, putting themselves and others at risk.
- Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible.  Trial preparation necessarily involves close contact with witnesses, inconsistent with advice from the Centers for Disease Control.

In addition, due to the restrictions imposed by current public-health concerns -- particularly given the number of defendants and complexity of this case -- it is it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits. Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Finally, the United States has filed three notices of compliance (NOCs) in this matter. Discovery review and processing of the forth NOC is underway.  This fourth production consists of more than 240GB of video files, photos, law enforcement reports and search warrant returns.  The United States anticipates two additional NOCs to conclude its discovery obligations in this case. Furthermore, two cell phones stored into evidence require a filter team review.  Also of note, the FBI remains on restricted and reduced schedules due to the COVID pandemic.  Agents, analysts and staff members must alternate their days in office with only 50% of employees permitted on-site at a given time.

Counsel for Mr. Patton and Ms. Richards object to this motion.

//

//

//

Based on the foregoing, the Court should enter the proposed case-specific order finding excludable time under 18 U.S.C. § 3161(h)(7)(A).

DATED this 20th day of November, 2020.

JOHN W. HUBER
UNITED STATES ATTORNEY

/s/ *J. Drew Yeates*

J. DREW YEATES
Assistant United States Attorney