ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
J. DREW YEATES, Assistant United States Attorney (#9811)
MICHAEL J. THORPE, Assistant United States Attorney (#11992)
BRYAN N. REEVES, Assistant United States Attorney (#DC 994799)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:20-CR-182-DBB-001 |
| Plaintiff, | : | SENTENCING MEMORANDUM |
| vs. | : | |
| LATROI DEVON NEWBINS, | : | Judge David B. Barlow |
| Defendant. | : | |

The United States, by and through the undersigned Assistant U.S. Attorney, hereby submits its sentencing memorandum urging the Court to impose a sentence of imprisonment within the guideline range.

The United States respectfully asserts that the currently calculated guideline in the Presentence Investigation Report ("PSR") appropriately captures the applicable provisions of the United State Sentencing Guidelines ("U.S.S.G.") in arriving at the guideline range set for therein. *See* Dkt. No. 314, ¶ 89.

### *Background*

On June 3, 2020, Defendant was charged by criminal complaint with Interstate

Arson in violation of 18 U.S.C. § 844(i). Dkt. No. 1. On July 23, 2020, the Grand Jury indicted Defendant, together with three co-defendants, for Interstate Arson in a violation of 18 U.S.C. § 844(i). Dkt. No. 52. A superseding indictment was returned on August 17, 2020, adding another co-defendant. Dkt. No. 144.

On July 26, 2021, a Felony Information was filed against Defendant alleging a violation of 18 U.S.C. § 231(a)(3), Civil Disorder. Dkt. No. 268. That same day, Defendant pleaded guilty to the Felony Information. Dkt. No. 271. There is no agreement between the parties as to how the court should sentence Defendant.

The PSR correctly applies a base offense level 16 in accordance with U.S.S.G. §2X5.1(a); §2B1.1, and §2K1.4(a)(4). See PSR, ¶ 45. The PSR correctly includes the official victim 3-level enhancement under U.S.S.G. §3A1.2(a). *Id*. at ¶ 47. The PSR also correctly reduces the offense level by 3 based upon Defendant's clear demonstration of acceptance of responsibility for a total offense level of 16. *Id*. at ¶¶ 52-53. The PSR correctly calculates a criminal history score and a resulting criminal history category of III.

## 18 U.S.C. § 3553 Considerations

The United States will more fully address each of the relevant factors set forth in Section 3553 at the time of sentencing. Considering the circumstances of the instant offense, Defendant's conduct, and his criminal history, the United States respectfully recommends that Defendant be sentenced within the applicable guideline range. A

guideline sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for serious criminal behavior. A guideline sentence also provides adequate deterrence, both specific and general, and protects the public from further crimes by Defendant. It is the position of the United States that a downward variance from the applicable guideline range would frustrate the ambitions of Section 3553.

## *Conclusion*

With a criminal history category of III and a total offense level 16, the applicable guideline range is 27-33 months' imprisonment. The United States recommends that this Court sentence Defendant to a term of imprisonment within the applicable guideline range. As such, the United States requests a sentence between 27-33 months' imprisonment be imposed.

RESPECTFULLY SUBMITTED October 7, 2021.

ANDREA T. MARTINEZ
Acting United States Attorney

MICHAEL J. THORPE
Assistant United States Attorney