Darwin L. Overson (7956)
OVERSON LAW, PLLC
136 East South Temple, Suite 1530
Salt Lake City, Utah 84111
Telephone: (801) 733-1308
Fax No.: (801) 528-1700
Email: darwin@boslaw.com

*Attorney for Defendant*

---

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LATROI DEVON NEWBINS,<br><br>    Defendant. | **DEFENDANT NEWBIN'S SENTENCING MEMORANDUM**<br><br>Case No. 2:20-cr-00182-DBB<br><br>Judge David B. Barlow |

Defendant LaTroi Devon Newbins, by and through counsel, respectfully submits his sentencing memorandum requesting a sentence of 6 months or 12 months depending on the Court's determination of the most analogous offense being Obstructing or Impeding Officers or Arson.

## FACTUAL BACKGROUND

The death of George Floyd on May 25, 2020, in Minneapolis, Minnesota sparked off protests throughout the nation and the world.  Like in many cities across the country, a diverse group of people participated in Salt Lake City.  Not everyone came with the same intentions.  Some clearly came out to cause trouble and destroy property.  Most did not.  Most just wanted

1

change because they had seen too much injustice and too many lives taken at the hands of law enforcement officers.  Mr. Newbins grew up in Salt Lake City and was not planning to participate in the protests but grew more and more uneasy with the thought of not doing something to help change things for the better.  He had seen racial injustice and he had children who he wanted to grow up in a better place, a more just world.  His common law wife did not want him to go but he was compelled.  From the beginning his intentions were peaceful and over the following days he repeatedly demonstrated an understanding that the protests, in order to be taken seriously, must be peaceful.  KUER RadioWest reported that Newbins

> helped lead the crowd, calling for justice and highlighting that this march was peaceful.  He said he was disappointed to see what happened during the city's first protest. "Saturday was a mockery," he said of a protest over the weekend that later turned violent and destructive.  "We're here for peace. But the real message is What is going to happen for George Floyd?  That's the whole message.  What are they going to do about the officer who murdered him?"

https://www.kuer.org/justice/2020-06-01/second-night-of-protests-in-salt-lake-city-mostly-peaceful-as-mayor-sets-weeklong-curfew

As discussed in the Presentence Report, Newbins repeated the message to other protestors that there was a right way to protest and there was a wrong way.  He found himself in the center of a tense standoff between approximately 200 protestors downtown and law enforcement officers trying to enforce the emergency curfew implemented by Governor Herbert.

> KSL TV carried the event live as it unfolded, which showed a man with a bullhorn asking for permission to go home and telling about 200 protestors, "We are going to do this the right way."  The group, which had been marching for about 90 minutes past an 8 p.m. citywide curfew, was safely allowed to disperse."

https://ksltv.com/438772/peaceful-protest-negotiator-accused-of-burning-slc-police-car/?

Even on May 30, 2020, when some protestors lit a fire in the patrol car, Mr. Newbins and another gentleman put the fire out with water bottles. Mr. Newbins then turned to the crowd and said that they could have let that burn but that is not what we are about. In contrast to other defendants charged with burning the patrol car, Mr. Newbins' messages repeated that his intentions were peaceful. And afterward, in a text message to his common law wife's brother, Mr. Newbins indicated that he had failed to put the fire out but had tried. Ex A. He was not bragging to friends about burning a cop car or any such thing.

While Mr. Newbins' intention was to engage in peaceful protest, this is not to say that he did not commit the offense to which he has pleaded guilty. Specifically, Mr. Newbins did get caught up in the moment at some point, kicked the side of the overturned patrol car, jumped up on top of the overturned patrol car, took selfies in front of the burning patrol car, and generally engaged in activities that celebrated the destruction of the patrol car, the interference with police and other officials including the United States Postal Service from performing their duties. Mr. Newbins fully acknowledges and takes responsibility for committing the crime of civil disorder as defined in 18 U.S.C. § 232(1).

In the Rule 11 colloquy, the plea of guilty accepted by the Court was quite specific that it was not a plea of guilty to the act of arson but rather to civil disorder. When asked whether he agreed with the statement of facts in paragraph 11 of the Statement of Defendant in Advance of Plea of Guilty and Plea Agreement, Mr. Newbins responded "No, not all of it." 7/26/21 Trans. P.8, ¶ 5, DKT#311.

> The Court: That's where we need to make sure you're comfortable. This statement stands as a basis for your guilt, so if there's something in here that incorrect, we need to make sure that we address that. Why don't I give you a couple of minutes to talk to your attorney privately. Okay?

The Defendant: Thank you.

The Court: Mr. Overson, would you mute yourself and you can talk to him and we'll take a break here. (a recess was taken)

Mr. Overson: If I might, just for the benefit of the record –

The Court: Sorry, I had to turn that back on. Go ahead.

Mr. Overson: Just for the benefit of the record, I think it's helpful to everybody involved to know where the hiccup is or where the bump in the road, if you would.

The Court: Okay.

Mr. Overson: Mr. Newbins is reading that paragraph and its focus was on the fire. And our discussions here that took place, to help him understand, is that the focus here isn't necessarily on the fire, it's on the civil disorder. And the fire was part of that, but it's a little bigger lens. While the arson would be more serious, the disorder is a bigger lens and maybe captures more conduct, and that he's readily – he's ready to acknowledge his participation in.

The Court: So, Mr. Newbins, the way that I read this is rather than focusing on the fire as the charge, the conduct that you allegedly engaged in disrupted the federally protected function, which in this case the Government sites the mail. Does that make sense?

The Defendant: That makes sense.

The Court: Let me ask Mr. Yeates if I've said anything incorrectly or if you'd like to clarify for the record. Mr. Yeates?

Mr. Yeates: I don't believe the Court has said anything incorrect. I would add additional facts to the record as well, and if Mr. Overson or Mr. Newbins object, that's fine as well, but in the course of this civil disorder, the patrol car was overturned. Mr. Newbins was photographed and videoed standing on the bottom of the overturned patrol car. In other words, standing on the undercarriage, which had now been the top of the car since it had been overturned.
And then as the patrol car was burning and the flames were growing, Mr. Newbins and other co-defendants were videoed celebrating and taking selfies and other photographs in front of the patrol car.

The Court: Got it.

So, Mr. Newbins, what I see happened here, rather than have a charge that has a more serious penalty attached, it looks to me like there's been an agreement reached that takes that charge down to civil disorder, takes off that minimum mandatory. The burning and the patrol car damage is part of it, but I's kind of a larger view of what happened that day. That's what I think your attorney is trying to explain.
Does that make sense?

The Defendant: I understand.

The Court: Now, I don't have3 a position. It doesn't matter to me whether you accept the plea or not. I just need to make sure that you understand what you're pleading guilty to and that you agree to facts that would justify the guilty plea. Does that also make sense?

The Defendant: yes, sir.

The Court: So can I return back to that paragraph, reme3mber the one we were looking at, paragraph 11? Do you agree with everything that's written in that paragraph?

The Defendant: Yes.

The Court: Okay. I am going to ask the attorneys now if they think I've missed anything or if they'd like me to emphasize anything else before I ask you for your plea.
Mr. Overson, from your perspective?

Mr. Overson: From my perspective, he does understand the paragraph, he's admitting to that.
In addition to that, the proffer of evidence that Mr. Yeates has provided is exactly what we just discussed and he's in agreement with that as well.

The Court: Okay. Thanks.
Mr. Yeates, from your point of view?

Mr. Yeates: Your Honor, I believe the Court has fully complied with Rule 11. I have nothing to add.

The Court Great.
Mr. Newbins, the time has come for me to ask you for your plea. Are you prepared to enter it?

The Defendant: Yes.

>The Court:  How do you plead to Count I, civil disorder, guilty or not guilty?
>
>The Defendant:  Guilty.

7/26/21 Trans. p.18, ¶ 5 – p.21, ¶17, DKT#311.

## LEGAL ANALYSIS

It is well understood that a sentence should be sufficient to satisfy the law's purpose but not greater than is necessary.  18 U.S.C. § 3553(a).  Under the § 3553(a) factors, Mr. Newbins believes that the appropriate sentencing guideline is either 6-12 months if the Court finds that most analogous offense is Obstructing or Impeding Officers, or 18-24 months if the most analogous offense is arson.

The Victim Related Adjustment of +3 should not apply when the victim is an organization, agency or government as is the case here.  There is no evidence in this case that any of the Defendant's conduct was aimed at any specific person.  Rather, the conduct was aimed toward protesting perceived unjust policies and practices of the many law enforcements agencies across the country, including those of the Minneapolis Police Department.  Such an amorphous target of the crime does not justify application of the Victim Related Adjustment of +3.  This is consistent with the Application Notes to § 3A1.2 ("*This guideline applies when specified individuals are victims of the offense.  This guideline does not apply when the only victim is an organization, agency, or the government.*").  The adjusted Offense Level is 16 and with application of the Acceptance of Responsibility total of -3, the Total Offense Level is 13.  With CH Category of III, the Guidelines provide for 18-24 months.

The most analogous offense may not be arson but rather Obstructing or Impeding Officers given the plea colloquy discussed above.  In which case, the base offense would be 10.

With application of the -2 under § 3E1.1(a) for Acceptance of Responsibility, the total offense level would be 8 putting the Defendant at a guideline of 6-12 months.  In which case, the Defendant respectfully requests that he be given a sentence of 6 months.

Alternatively, should the Court find that the most analogous offense is arson, and given the nature of the offense and totality of the circumstances, including Mr. Newbins being involved in prosocial conduct during the protests, it is respectfully requested that the Defendant be sentenced to 12 months.  The Defendant has demonstrated his ability to be supervised since he was indicted.  Such a sentence would be just and commensurate with the Defendant's conduct.

Respectfully submitted this 20th day of November, 2021.

    /s/ Darwin L. Overson
Darwin L. Overson
Attorney for Mr. Newbins

EX A



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the **DEFENDANT NEWBIN'S SENTENCING MEMORANDUM was** delivered via the Courts electronic filing system on this 20th[th] day of November, 2021, to the following:

Andrea T. Martinez
J. Drew Yeates
Michael J. Thorpe
Bryan N. Reeves
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111

/s/ Darwin Overson